UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,

       Plaintiff,

v.                                    Civil Case No. 23-cv-10129
                                    Honorable Linda V. Parker

PLUTO TV,

       Defendant.

_____/

## **OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR IMPROPER VENUE**

On January 13, 2023, Plaintiff initiated this pro se action against Defendant. Plaintiff also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  In his Complaint, Plaintiff alleges that he was the victim of a data breach from Pluto TV on or about November 2022, which resulted in private and personal information being exposed and stolen.

Venue in a civil action is governed by 28 U.S.C. § 1391(b).  The statute provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the
>     events or omissions giving rise to the claim occurred,
>     or a substantial part of property that is the subject of
>     the action is situated; or
>
> (3) if there is no district in which an action may
>     otherwise be brought as provided in this section, any
>     judicial district in which any defendant is subject to
>     the court's personal jurisdiction with respect to such
>     action.

28 U.S.C. 1391(b). Congress has instructed district courts to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case under this section lies within the court's sound discretion. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)).

While courts generally refrain from sua sponte dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue was located in the Northern District of Oklahoma and case was filed in the Eastern District of Oklahoma in lieu of transferring action); *Davis v. Reagan*, No. 88-6419, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue in case filed in Tennessee, where proper venue was in the Western District of

2

Pennsylvania); *Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012)
(sua sponte dismissal for improper venue harmless error when there is no
conceivable basis for venue in the Eastern District of Pennsylvania and there is no
indication that transferring instead of dismissing might be in the interests of
justice); *Nation of Islam v. Penn. Dep't of Corr.*, No. 12-82, 2012 WL 529546 at
*2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be sua sponte
transferred from the Western District of Pennsylvania to the Middle District of
Pennsylvania on grounds of improper venue), *adopted in* 2012 WL 529238 (W.D.
Pa. Feb. 17, 2012).  Decisions, including those cited above, reflect that sua sponte
dismissals occur even in actions brought by pro se plaintiffs, who normally receive
the benefit of liberal pleading construction.  *Id.*  Courts also have held that an
action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious
from the face of the complaint and no further factual record is required to be
developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also
Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4,
2017) (affirming district court's sua sponte dismissal for improper venue).  From
the face of Plaintiff's Complaint, venue in this District is improper.

Plaintiff's Complaint reflects that he resides in Grand Rapids, Michigan.
Grand Rapids is in Kent County, which is within the Western District of Michigan.
*See* 28 U.S.C. § 102(b)(1).  The Complaint also reflects that Defendant is a

California corporation headquartered in West Hollywood, California.  No action or injury appears to have occurred in this District.  Even under a liberal reading of Plaintiff's Complaint, his allegations have no relationship to this District.

Therefore, the Court concludes that venue is improper and is **DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint.  Plaintiff may refile the Complaint in a proper venue.

**SO ORDERED**.

s/ Linda V. Parker_____
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: January 19, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 19, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan_____
Case Manager

4